LILBURNE CHANDLER, p. b. a., *vs.* LAURA M. WOODWORD and ELIZABETH K. HOLLAND, executrices of JAMES DILWORTH, deceased, d. b. r.

*Appeal—Attorney-at-Law—Professional Services—Book of Original Entries—Oath of Plaintiff—Evidence—Transaction with the Deceased—Statute.*

Under the law of this State a book of original entries showing an account against a deceased person for professional services rendered by the plaintiff as attorney for the deceased in his lifetime, is not admissible upon the oath of the plaintiff, who is incompetent to testify as to "any transaction with or statement by the testator."

(*December* 3, 1907.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting,

*Thomas Davis* for plaintiff.

*George L. Townsend, Jr.,* for defendant.

Superior Court, New Castle County, November Term, 1907.

APPEAL from judgment of a Justice of the Peace (No. 85, September Term, 1907.) This was an action of assumpsit to recover seventy-five dollars for professional services rendered by plaintiff as attorney for James Dilworth in his lifetime. A bill of particulars was filed. Defendants, at the trial, admitted the death of James Dilworth and the granting of letters testamentary upon his estate to the parties named in the action as defendants. Also that the plaintiff was, at the time of rendering the services alleged, and still is, an attorney duly admitted and licensed to practice in the courts of Delaware.

The plaintiff produced his book of original entries showing his account against James Dilworth, deceased, upon which his action was based. The account was offered in evidence, but was objected to by counsel for defendants as inadmissible, it being a transaction with the deceased.

BOYCE, J., delivering the opinion of the Court:

By *Section* 11, *Chapter* 107, *Rev. Code* (1893) page 799, it is provided that "a book of original entries, regularly and fairly kept, shall, together with the oath, or affirmation, of the plaintiff, be admitted in evidence to charge the defendant with the sums therein contained for goods sold and delivered, and other matters properly chargeable in an account." This action is against the executors of a deceased person against whom the alleged book entries were made. By *Section* 1, *Chapter* 537, *Volume* 16, *Laws of Delaware, Chapter* 107, *Rev. Code* (1893) *page* 798, it is provided "that in actions or proceedings by or against, executors, administrators or guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party." We do not think the plaintiff is compe-

tent to testify "as to any transaction with or statement by the testator," in this action.    We sustain the objection.

At the close of the case, BOYCE, J., in his charge, reviewed the facts in the case and the contentions of counsel, and submitted the case to the jury.

Verdict  for  defendants.